```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
Andrew Daros,                                         :
                                                      :
                    Plaintiff,                        :            **MEMORANDUM AND ORDER**
                                                      :
            -against-                                 :            05-CV-775 (DLI)(VVP)
                                                      :
Carlton J. Tokoyo and Roy's Taxi,                     :
                                                      :
                    Defendants.                       :
------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff brings this diversity action for injuries allegedly sustained while riding in defendants' taxicab in Austin, Texas. Presently before this court is defendants' motion, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss the complaint in its entirety for lack of personal jurisdiction. For the reasons discussed below, that motion is granted.

**FACTS**

The facts in this case are simple and need no belaboring. Plaintiff, Andrew Daros, resides in Brooklyn, New York. (Comp. ¶ 1). Defendant, Carlton J. Tokoyo, resides in Austin, Texas. (*Id.* ¶ 2). Defendant, Roy's Taxi, is a Texas Corporation with its principal place of business in Austin, Texas. (*Id.* ¶ 3). On February 25, 2003, in Austin, Texas, while riding in a taxicab owned by defendant Roy's Taxi and operated by defendant Tokoyo, plaintiff was injured when said taxicab collided with some unspecified thing. (*Id.* ¶¶ 9, 11-12). Plaintiff claims that defendants' negligence allegedly caused this injury. (*Id.* ¶¶ 11-12).

**DISCUSSION**

The legal basis for dismissal of the complaint here is axiomatic. Federal Rule of Civil Procedure 4(k)(1) provides that, in diversity cases, state law governs whether a federal district court has personal jurisdiction over a defendant based on service of process.[1] New York law provides for personal jurisdiction over a non-domiciliary who:

> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a).

None of the circumstances referenced above apply to the instant matter. The accident occurred in Texas. Defendants reside in and are citizens of Texas. Defendant Roy's Taxi has its principal place of business in Texas. Defendants transacted no business within New York, committed no tort in New York, and, for all the court knows, have never been to, flown over, read a book about, or even heard of the State of New York. In short, defendants have no connection whatsoever to the State of New York or its citizens.

Plaintiff's entire response to the above is found in paragraph 3 of counsel's Affirmation In

---

[1] The court assumes that defendants were validly served with process, as defendants do not contest it.

Opposition,[2] which states: "I submit that there is federal jurisdiction in this matter based upon diversity od [sic] citizenship and the fact that the amount in controversy exceeds the jurisdictional limit. Defendant's motion should therefore be denied because this court does have jurisdiction to hear this matter." Plaintiff's argument notwithstanding, the court is compelled to follow the Federal Rules of Civil Procedure, the New York C.P.L.R., and the decades of jurisprudence which suggest otherwise.

Alternatively, plaintiff requests, pursuant to 28 U.S.C. § 1404, that the court transfer venue to "the Federal District Court in Texas."[3] 28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As correctly noted by defendants, this statute presupposes that venue is proper in the transferor district. *David D. Siegel, Commentary on 1996 Amendment of Section 1404*.

28 U.S.C. § 1391(a) provides that

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Because both of the defendants reside in the Western District of Texas and all of the events giving

---

[2] Plaintiff's counsel has elected not to submit a memorandum of law in opposition to the motion to dismiss.

[3] The State of Texas includes four (4) federal judicial districts: Northern, Southern, Eastern, and Western. The court presumes plaintiff seeks a transfer to the U.S. District Court for the Western District of Texas, which includes Austin.

3

rise to the claim for relief took place there, venue is proper only in that District. The lack of venue in this district is *in addition to* this court's lack of personal jurisdiction over defendants. Because venue was not proper in this district in the first instance, section 1404 is inapplicable.

28 U.S.C. § 1406(a) permits a district where an action is filed but in which venue does not lie to transfer an action to a district where venue would be proper "in the interest of justice." Plaintiff argues that transfer is proper since a dismissal without transfer would "irreparably harm[] [plaintiff] because his cause of action would now be barred by the statute of limitations."[4]

The concept of the "interest of justice" applies to plaintiff and defendant alike. In determining whether a transfer would be in the interests of justice, the court is obliged to consider the impact of the transfer on the defendant. *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (noting that the failure of counsel to determine that the forum court had lacked personal jurisdiction over defendants was "elementary" and concluding that "[t]he proper penalty for obvious mistakes that impose costs on opposing parties is a heavy one"). Moreover, the court may consider whether plaintiff's actions to date warrant such relief. In particular, the court is troubled by the complete lack of even a colorable basis for personal jurisdiction over the defendant in New York or proper venue in this District. *See Feldman v. L & M Mowing, Inc.*, 1999 WL 284983, at *3 ("[D]ismissal may be warranted where the plaintiff knowingly chooses the wrong forum or otherwise exhibits a lack of diligence.") (citing *Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 394 (2d Cir. 1992)).

The court is unsympathetic to plaintiff's argument that his claim will now be barred by the statute of limitations. The accident occurred on February 25, 2003. Plaintiff waited until February

---

[4] The court takes no position as to whether plaintiff's claim would actually be barred by the applicable statute of limitations.

7, 2005 to commence this action. The court also notes that plaintiff failed to include a statement regarding a basis for venue in the Complaint, despite a requirement to do so. It simply is not in the interest of justice for a court to indulge a plaintiff who filed on the eve of the expiration of the limitations period, in a court that plainly lacks personal jurisdiction over defendants, and in a district where venue does not lie. *See Deleski v. Raymark Indus., Inc.*, 819 F.2d 377, 381 (2d Cir. 1987) ("It is not in the interest of justice to transfer a case to [another judicial district] upon appellant's tardy discovery that her complaint is time-barred."); *Pedzewick v. Foe*, 963 F. Supp. 48, 51 (D. Mass. 1997) (noting that, in dismissing the case, the court was "troubled" that plaintiff filed the complaint "on the very last day [of the limitations period] in a court that—by no stretch of the imagination—could even arguably exercise personal jurisdiction over the[] defendants" and that "[f]airness and convenience are not furthered by allowing a party purposefully to file in the wrong court, thereby holding open the statute of limitations indefinitely"). Accordingly, plaintiff's request to transfer this action to the U.S. District Court for the Western District of Texas is denied.

**CONCLUSION**

For the foregoing reasons, defendants' motion is granted and the complaint is dismissed. The Clerk of the Court is directed to close the file maintained in this case.

SO ORDERED.

DATED: Brooklyn, New York
May 23, 2005

_____/s/_____
DORA L. IRIZARRY
United States District Judge